UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FLORENCIO ALCANTARA-FLORES, EDIE
ARGENTO BARRERA, ISAIAS HERNANDEZ
ZAPATA, and BENJAMIN JIMENEZ,
individually and on behalf of all others similarly                    MEMORANDUM
situated,                                                             AND ORDER

                            Plaintiffs,                              16 CV 3847 (MKB)(RML)

    -against-

VLAD RESTORATION LTD and VLAD
TOMCZAK, an individual,

                            Defendants.
------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiffs Florencio Alcantara-Flores, Edie Argento Barrera, Isaias Hernandez Zapata, and Benjamin Jimenez ("plaintiffs") move for conditional certification. Defendants Vlad Restoration Ltd. and Vlad Tomczak ("defendants") oppose the motion. Upon review of the parties' submissions, plaintiffs' motion for conditional certification is granted.

## BACKGROUND

        Plaintiffs[1] commenced this action in July 2016, asserting, *inter alia*, claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"). (See Collective Action Complaint, dated July 5, 2016, Dkt. No. 1; Amended Collective Action Complaint, dated Sept. 21, 2016, Dkt. No. 14.) Plaintiffs now seek an order conditionally certifying this case as a collective action pursuant to

---

[1] Plaintiff Florencio Alcantara-Flores initially brought this case individually and on behalf of others similarly situated. An amended complaint, filed October 13, 2016, added the other named plaintiffs.

29 U.S.C. § 216(b) on behalf of a purported class of employees who shared comparable work duties and were not adequately compensated by defendants for overtime work. (See Memorandum of Law in Support of Plaintiffs' Motion to Conditionally Certify as a Collective Action, dated Oct. 27, 2016 ("Pls.' Mem."), Dkt. No. 16, at 2-3.) Plaintiffs additionally request that the court authorize notice to potential opt-in plaintiffs. (Id. at 9-10.) Defendants object on the ground that twenty-one potential collective action members, or approximately two-thirds of defendants' employees, have executed release agreements waiving any claims in this lawsuit. (See Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Conditionally Certify as a Collective Action, dated Nov. 15, 2016 ("Defs.' Mem."), Dkt. No. 18-5, at 2-3, Ex. A.)

## DISCUSSION

Under the FLSA, an individual may file suit against an employer on behalf of himself and "other employees similarly situated" who give "consent in writing" to become party plaintiffs. 29 U.S.C. § 216(b). The process of seeking certification of an FLSA collective action consists of two stages. Jeong Woo Kim v. 511 E. 5th Street, LLC, 985 F. Supp. 2d 439, 445 (S.D.N.Y. 2013); see 29 U.S.C. § 216(b). At the first stage, the "court makes 'an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to whether a FLSA violation has occurred.'" Garcia v. Chipotle Mexican Grill, Inc., No. 16 CV 601, 2016 WL 6561302, at *3 (S.D.N.Y. Nov. 4, 2016) (quoting Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010)). "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named

plaintiffs." Agerbrink v. Model Services LLC, No. 14 CV 7841, 2016 WL 406385, at *1 (S.D.N.Y. Feb. 2, 2016) (quoting Myers, 624 F.3d at 555). At that point, the district court typically looks to the "(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against [collective action treatment]." Zivali v. AT&T Mobility, LLC, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011) (alteration in original) (quoting Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008)).

The standard at the first stage is not a stringent one—all that is required is a "'modest factual showing' based on the 'pleadings and affidavits' that the putative class members were 'victims of a common policy or plan that violated the law.'" Fernandez v. Sharp Mgmt. Corp., No. 16 CV 551, 2016 WL 5940918, at *2 (S.D.N.Y. Oct. 13, 2016) (quoting Cardenas v. AAA Carting, 12 CV 7178, 2013 WL 4038593, at *1 (S.D.N.Y. Aug. 9, 2013)); see also Mentor v. Imperial Parking Sys., Inc., 246 F.R.D. 178, 181 (S.D.N.Y. 2007) ("Because minimal evidence is available" at this early stage of the proceedings, and because the court "retain[s] the ability to reevaluate whether the plaintiffs are similarly situated," plaintiff faces a "relatively lenient evidentiary standard."). To meet this burden, the plaintiff's own declaration or the declarations of other potential class members are sufficient. Trinidad v. Pret a Manger (USA) Ltd., 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013). Courts have granted motions for conditional certification where only one plaintiff submitted a declaration. See, e.g., Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., No. 12 CV 265, 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012). The decision whether to grant a motion for conditional certification of an FLSA collective action lies within the court's discretion. Auffray v. FXFL, LLC, No. 15 CV

9379, 2016 WL 6810863, at *2 (S.D.N.Y. Nov. 16, 2016).

Here, two plaintiffs have submitted affidavits stating that defendants failed to pay them overtime premium wages for hours worked in excess of forty per work-week; furthermore, the plaintiffs assert that they have personal knowledge of other employees—not named in the lawsuit—who were subject to the same unlawful practices. (See Affidavit of Florencio Alcantara-Flores, sworn to Oct. 26, 2016, Dkt. No. 16-1; Affidavit of Edie Barrera, sworn to Oct. 26, 2016, Dkt. No. 16-1.) This is an adequate showing.[2] Therefore, plaintiffs' motion to conditionally certify an FLSA collective action is granted.

Although 29 U.S.C. § 216(b) does not expressly provide for notice to potential opt-in plaintiffs, it is well settled that a court may authorize such notice. Cohen v. Gerson Lehrman Grp., Inc., 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010); see also Myers, 624 F.3d at 554-55 (district courts have "'discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs.'" (quoting Hoffman–La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989) (alteration in original)). "'When exercising [their] broad discretion to craft appropriate notices . . . , District Courts consider the overarching policies of the collective suit provisions' and ensure that putative plaintiffs receive 'accurate and timely notice concerning

---

[2] Plaintiffs also argue that the general release agreements signed by the twenty-one employees, each in consideration of $500, are unenforceable and do not bar conditional certification. (See Plaintiffs' Memorandum of Law in Reply to Defendants' Opposition to Plaintiffs' Motion to Conditionally Certify as a Class Action, dated Nov. 29, 2016, Dkt. No. 22, at 6-8.) Whether or not those releases will ultimately prevent the twenty-one employees from opting into this lawsuit, should they choose to do so, is an issue that is not presently before the court. Defendants have cited no binding or persuasive authority, and the court's research has uncovered none, for the proposition that such general releases bar conditional certification.

the pendency of the collective action, so that they can make informed decisions about whether to participate.'" Bittencourt v. Ferrara Bakery & Cafe Inc., 310 F.R.D. 106, 116 (S.D.N.Y. 2015) (quoting Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)). Notice prevents the "erosion of claims due to the running statute of limitations" and promotes "judicial economy." Hernandez v. Bare Burger Dio Inc., No. 12 CV 7794, 2013 WL 3199292, at *5 (S.D.N.Y. June 25, 2013) (citing Khamsiri, 2012 WL 1981507, at *1).

Plaintiffs here have provided a proposed notice as well as a consent form. (See Notice of Pending Collective Action Lawsuit with the Opportunity to Join ("Notice"), Consent to Sue (To Have Federal Claims Heard in this Case), Dkt. No. 16-2.) Notice to potential opt-in plaintiffs is appropriate here. Defendants are directed to produce the names, job titles, periods of employment, last known addresses, and last known telephone numbers of prospective plaintiffs for the three years prior to the date the complaint was filed. Defendants shall also post the notice in a conspicuous non-public location in their place of business. See, e.g., Sanchez v. Salsa Con Fuego, Inc., No.16 CV 473, 2016 WL 4533574, at *7 (S.D.N.Y. Aug. 24, 2016).

Finally, plaintiffs ask the court to toll the statute of limitations for all potential opt-in plaintiffs until each plaintiff files written consent to join the lawsuit. (Pls.' Mem. at 13-14.) Equitable tolling is appropriate "only in rare and exceptional circumstances, where a plaintiff has been prevented in some extraordinary way from exercising his rights." Vasto v. Credico (USA) LLC, No. 15 CV 9298, 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016) (citations and internal quotation marks omitted). Plaintiffs have not presented any such "rare and exceptional circumstances" here. Accordingly, plaintiffs' request is denied at this time.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for conditional certification is granted. Defendants are directed to produce, by February 24, 2017, the names, job titles, periods of employment, last known addresses, and last known telephone numbers of all prospective plaintiffs for the three years prior to the date the complaint was filed.

SO ORDERED.

Dated: Brooklyn, New York
       February 2, 2017

                                                    /s/
                                        ROBERT M. LEVY
                                        United States Magistrate Judge