**PHILIP ORNER, C.P.A. J.D.**
CERTIFIED PUBLIC ACCOUNTANT
AND
ATTORNEY AT LAW

72 - 29 137TH STREET
FLUSHING, NEW YORK 11367
(718) 575-9600

514 MAIN STREET
NEW ROCHELLE, NEW YORK 10801
(914) 636-6439

Flushing Office
June 7, 2017

Hon. Robert M Levy
United States Magistrate Judge
U.S. Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Re.: Alacantara-Flores v. Vlad Restoration Lt et al
1:16-cv—031847 (MKB) (RML)

**Motion by Defendants – Stay proceedings due to
Lack of Jurisdiction by District Court on Issues
Pending on Appeal before the Second Circuit**

Hon. Magistrate Levy :

  I represent the defendants in the above referenced case and I submit this motion, approved to be in letter form by Your Honor, pursuant the telephone conference of May 9,2017 with the Court under a which a temporary stay of the proceedings had been granted until the actual motion in written form would be filed by the defendants, before June 9,2017, in light of the appeal filed with the U.S.Court of Appeals –Second Circuit on May 8,2017 (Doc.29) on the same issues decided by this Court's order of May 2, 2017 (Doc.30) , which in turn had affirmed Your Honor's own decision of February 2,2017 (Doc.24), and whereby the Court granted the collective action certification pursuant to FLSA Sec. 216, with a notice to all putative members, required a list of said members with names, addresses and other information to be provided to plaintiffs' legal counsel, rejected the cross-motion by defendants to validate the 21 (twenty-one) releases procured from said putative members under New York State law and denied the opposition to the collective action certification.

  The rule of law stating that the District Court is deprived of jurisdiction on those issues under consideration of an appeal until such appeal has been resolved is very clear as initially announced by the U.S. Supreme Court in <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S.56, 58 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) where it held that :

  *"The filing of a notice of appeal is an event of jurisdictional significance- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal "* [citations omitted].

  Such rule of law of deprivation of further jurisdiction by the district court on issues under appeal has been upheld and followed on numerous precedents and prior cases at the Court

of Appeals –Second Circuit in the 35 years since <u>Griggs v. Provident Consumer Discount Co.</u>, *supra*, had been issued in 1982. See <u>Zhao v. State of Univ. of N.Y.</u>, No. 14-69-cv (2nd Cir.,August 20,2015) , <u>Ret. Bd. Of the Policemen's Annuity ex rel Holders Bank v. Bank of Mellon</u>, 773 F.3d 154 , Ftn. # 4 (2nd Cir, 2014), <u>Negron v. United States,</u> no.08-3233-pr-, Pg. 7 (2nd Cir., October 1,2010).

Under the appeal forms filed under Docket No. 17-1509 for these proceedings, the Appeal Preargument Statement Form C, Exhibit A, with Addendum A, Exhibit B and Addendum B, Exhibit C, clearly state the issues related to the collective class certification as such is effected by the procurement of 21 (twenty-one) releases executed in accordance with New York State Law where the plaintiffs, initially on the complaint, and as subsequently amended for the addition of three additional plaintiffs, claim that the class number between 30 (thirty) to 35 (thirty-five) putative members (Doc. 1 and 8,9). Hence, even if clerical employees are ignored, 25 out possibly 30 to 35 putative members, per plaintiff's own assertions, have been already accounted for as either participating or not participating in these proceedings, leaving a maximum of 5 to 10 potential putative members to join as additional plaintiffs.

Any disclosure or discovery as initially ordered by the court orders of February 2,2017 and as affirmed on May 2,2017, as reflective of any consequential collective action certification and resulting discovery for such, are issues related to the pending appeal, for which the district court has been divested of jurisdiction.

The jurisdiction of the Court of Appeals-Second Circuit under the final order's exception based on the <u>Cohen Doctrine</u> with its required elements, has been explained to the appellate court upon its request on May 18,2017, see Exhibit D.  There would be irretrievable loss to the defendants if this review is delayed for such 21 (twenty-one) releasors former putative members of the potential class action would be contacted by plaintiffs' legal counsel to seek to invalidate such releases and to join a collective certified class, which certification is consequently under appeal, and any discovery or disclosure presently is inappropriate.

The merits of this appeal as being in contravention with legal precedents under the Second Circuit and other U.S. District Courts was summarized on the Addendum A to Form C, Exhibit B, with the following citation and quotation :

As stated and cited by Hon. Leo Glasser in <u>Gortat v. Capala Brothers, Inc</u>., Docket No. 1:07-cv-0329, decision and order of April 9,2010 (Doc.196):

" It is well-settled that prior to the certification of a class action, a defendant may seek settlements with potential class members, <u>Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l, Inc.,</u>  455 F.2d 770,773 (2nd Cir.,1972). This is so even if the settlements might have the effect of destroying numerosity and thus preventing class certification. <u>Id.</u>. There is a "strong judicial policy in favor of settlements , particularly in the class action context". <u>In re Painwebber Ltd. P'tships Litig.</u> 147 F.3rd 132,138 (2nd Cir.,1988). This policy applies with equal force to settlements entered into prior to class certification".

Finally, though it has little relevance to the issues at hand, the District Court on its decision and order of May 2,2017, in citing cases under audit by Department of Labor for some of the years in question under litigation, but not all such years of liability, and how such cases effected releases which consideration were denied for certification purposes , failed to consider that such approved collective action notices were amended to provide notice to all putative members on the effects of such executed releases, which this Court in this case did not provide in the approved notice for collective action under FLSA Sec. 216, see <u>Lujan v. Cabana Mgmt.Inc</u>, No. 10-cv-755, 2011 WL 317984 (E.D.N.Y.,Feb. 1,2011).

In conclusion, defendants respectfully request that the District Court recognize its divestiture of jurisdictional authority on the issues under appeal and grant a stay on the discovery order of May 2,2017 which affirmed by the court order of February 2,2017 and that it grant a stay on all matters regarding the potential collective action as initially certified by said court orders, as such issues are now under consideration on appeal by the Court of Appeals-Second Circuit under Docket No. 17-1509 pursuant an existing appellate jurisdiction as of this date.

Sincerely,

_____
Felipe ("Philip") Orner- FO-3986

Cc;

Cc; Roman Avshalumov, Esq
For Helen F. Dalton
Attorneys for Plaintiffs- *via ECF*