ADDENDUM "A" TO FORM "C"- APPEAL DOCKET NO. 17-1509
UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
-----------------------------------------------------------------X
FLORENCIO ALCANTARA-FLORES, EDIE ARGETO          Doc. No. 17-1509
BARRERA, ISAIAS HERNANDEZ ZAPATA and
BENJAMIN JIMENEZ , individually and on behalf of
all others similarly situated,

                              Plaintiffs-Respondents

   -against-                                                                            E.D.N.Y. 1:16-CV-3847

VLAD RESTORATION LTD and VLAD TOMCZAK,
An individual

                              Defendants-Appellants
-----------------------------------------------------------------X

     Under this action for relief under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") , plaintiffs-respondents workers and foremen previously employed by co-defendant-appellant Vlad Restoration Ltd ("Vlad") , seek additional compensation for the 50% unpaid rate in their overtime hours paid while working for Vlad as such overtime hours had been paid at their regular wage hours earned (Doc 1) . In addition, plaintiffs-respondents seek a collective action under FLSA Sec. 216 based on their representation in the filed complaint that the entire universe of potential putative members consist of 30 (thirty) to 35 (members) . Such complaint had initially been filed by only plaintiff-respondent Florencio Alcantara Flores in July of 2016 and obviously subsequent discussions held by him with other employees and former employees resulted in the amended complaint of October 13,2016 with the 3 (three) additional plaintiffs-respondents (Doc 14). There are no allegations by the plaintiffs-respondents either at the initial pleadings filed or the subsequent motion record subject of this appeal that any of the said putative members do not reside in the New York City area easily accessible to be informed and requested to join in this litigation without the necessity of a collective action. Proof of such fact that said employees and former employees are easily accessible to all parties lies with the subsequent production of 21(twenty-one) releases properly executed and acknowledged under New York State Gen Obl Law Sec 5-105 and 5-108 , specifically including reference to this present litigation by defendants-appellants, and which immediate validity was rejected initially by the decision and order of Magistrate Hon. Robert M. Levy of February 2,2017 (Doc.24) and then affirmed , upon objections filed by the defendants-appellants on February 7,7017, by decision and order on May 2,2017 by Hon. Margo K. Brodie , United States District Judge for the Eastern District of New York (Doc. 30) .

     Under the motion by plaintiffs-respondents for conditional certification under FLSA Sec. 216(b) and the defendants-appellants' opposition to such collective class certification as well as their cross-motion record , the results below at the District Court are that the collective class action has been certified under FLSA Sec. 216(b) and that upon the denial of validity of

these 21( twenty-one) releases executed and acknowledged under New York State Law Gen Obl Law Sec 5-105 and 5-108 , these releasors' rights termination under said releases has been thwarted and denied on both the collective action, and effectively, by not recognizing these releases, the releasors' individual rights as well should they elect to pursue said rights on any other administrative or judicial proceeding. The District Court inapplicably referred to precedents cited in connection with releases of employees as approved by the Department of Labor, which is not the case here, but instead such releases specifically refer to the existing litigation between the parties. Furthermore, the District Court erred in seeking to differentiate precedents where such releases on FLSA cases have been validly accepted by review of the Courts, and indeed encouraged by the Courts in seeking to resolve litigation , even if such recognition of releases thwarts or denies the class action sought by the plaintiffs. Here, there would be remaining anywhere from a minimum of 1 (one) remaining employee to a maximum of 10 (ten) employees, should the 4 (four) clerical employees be eliminated from the consideration of this analysis, based on plaintiffs-respondents' own representation that the universe on this potential collective action numbers from 30 (thirty) to 35 (thirty-five) employees.

    As stated and cited by Hon. Leo Glasser in Gortat v. Capala Brothers, Inc , Docket No. 1:07-cv-0329, decision and order of April 9,2010 (Doc.196):

    " *It is well-settled that prior to the certification of a class action, a defendant may seek settlements with potential class members, Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l, Inc.,  455 F.2d 770,773 (2nd Cir.,1972). This is so even if the settlements might have the effect of destroying numerosity and thus preventing class certification. Id.. There is a "strong judicial policy in favor of settlements , particularly in the class action context". In re Painwebber Ltd. P'tships Litig, 147 F.3rd 132,138 (2nd Cir.,1988). This policy applies with equal force to settlements entered into prior to class certification*"

    In conclusion, the results at the District Court in this proceedings at present , subject of this appeal,  are clearly and unequivocally against strong and affirmed precedents by the Court of Appeals- Second Circuit as well as against other trial court orders within this Court's jurisdiction.

    Also attached is Doc. 11 as to the Corporate Disclosure statement filed by co-defendant Vlad Restoration Ltd.