# PHILIP ORNER, C.P.A. J.D.
## CERTIFIED PUBLIC ACCOUNTANT
## AND
## ATTORNEY AT LAW

72 - 29 137TH STREET
FLUSHING, NEW YORK 11367
(718) 575-9600

514 MAIN STREET
NEW ROCHELLE, NEW YORK 10801
(914) 636-6439

Flushing Office
May 18, 2017

TO THE U.S. COURT OF APPEALS
SECOND CIRCUIT:

### Re.: Docket No. 17-1509

Pursuant the directives of this Court on the issue of the appellate jurisdiction on the defendants' appeal of the U.S. District Court order and decision of May 2, 2017 which affirmed the Magistrate's decision and order of February 2, 2017 on the rejection of 21 (twenty-one) properly executed and acknowledged Releases for consideration under N.Y. Gen. Obl. Law Sec. 15-105 and 15-108, with such releases specifically having referred to their rights under this existing litigation, and secondarily, how such rejection also resulted on the collective action certification under FLSA Sec 216 of a total class numbering a maximum of 30 to 35 members, where there are already 4 (four) joined plaintiffs and 4 (four) clerical employees which the motion record shows to be uncontroverted, I submit this letter verifying that this appeal is final as to the issue of the releases settling these rights not only as a collective action but also on their individuals rights to sue the defendants, and the rights denied to the defendant as to the issue of such termination of rights of said putative plaintiffs, and alternatively, such jurisdiction if not considered final for these individuals and the rights of defendants against such individuals based on the New York State releases, then such jurisdiction under 28 U.S.C. Sec 1291 as a final order's exception under the collateral order doctrine recognized by the U.S. Supreme Court and the Court of Appeals- Second Circuit, see list of attached citations.

Final order's exception under the collateral order doctrine for practical construction of 28 U.S.C Sec 1291, exists under the *Cohen* doctrine which provides for such appellate review of orders, though short of final judgment, when such orders finally determine rights collateral to rights asserted in an action, here the invalidity of releases settling with members of a class or a collective action class (here the releases held invalid which is collateral to the FLSA action), too important to be denied ( here this order is totally against all jurisprudence policies and precedents encouraging settlements in class actions even prior to discovery), where such deferral until whole case is adjudicated would cause irretrievable loss if review is postponed ( here plaintiff's attorneys would approach the 21 (twenty-one) releasors with renewed efforts to convince them that the legal acknowledged releases executed have no validity and to challenge them, though no such challenges were presented on the motion record at the U.S. District Court and the ensuing unnecessary litigation in the hundreds of thousands of legal fees that the defendants cannot afford will ensue ) ; this unnecessary and inappropriate escalation of in this litigation as a result of the U.S. District Court order of invalidity on specious grounds must be reviewed for it is totally contrary to any precedent, thus presenting a novel issue on appeal as to a court order of declaration of invalidity of releases executed on class and collective actions, though our Courts have already encouraged such settlements and reduction of the existing litigation.

If this appeal on totally improper rejection of perfectly valid execution of acknowledged releases under N.Y. Obligations Law Sec. 15-105 and 15-108 is not considered by this Court, the ensuing actions by plaintiffs' attorneys contacting these 21 (twenty-one) releasors and seeking nullification of defendants' rights under such releases could not be effectively reviewed later ,

and such review of this appeal presents important unresolved questions   Such aftermath in rendering the defendant unable to continue the litigation, burdened with unnecessary legal costs, under such improper declaration of invalidity of releases , which is routinely accepted by our courts, even at the commencement stage of the litigation, cannot be set aside at the end of the litigation and cannot be vindicated by other means for the disruption of business and even health of the defendant officers is affected here in case of unnecessary lengthening this litigation with the lost time as well. This injustice on the final determination of lack of validity of these releases settling the rights of 21 potential collective class members must be averted .   Such fundamental rights of the defendants here further classifies under the fundamental right to have such review for under releases executed by these 21 (twenty-one) individuals , said individuals could not pursue litigation against these defendants either under the collective action in this proceeding or as individuals separate from this action.

And how such determination of the invalidity of the releases executed affects the conditional class certification with just a handful or even less of individuals left per the motion record  is another issue where where this Court has held that there is no strict rule denying appealability of class certification in all cases.

_____
Felipe ("Philip") Orner- FO 3986

## CASES RELIED ON AND PARTIAL LIST OF SOURCES FOR APPELLANT'S BRIEF

- Gortat v. Capala Brothers, Inc., 07-CV-3629, 2011 WL 2133769 (E.D.N.Y, May 27,2011, Hon.L.Glasser)
- Bank of America National Trust and Savings Assn. v. Gillaizeau, 766 F.2d 709,713 (2nd Cir.,1985)
- Torres v. United Healthcare Services Inc,920 F. Supp.2d 368,373-379 (E.D.N.Y.,2013)
- Hoffman v. LaRoche, 493 U.S. 165, 110 S.Ct., 482 ,107 L.Ed.2d 480 (1989)
- Sutherland v. Ernst & Young LLP, 726 F.3d 290, Footnote # 6 (2nd Cir., 2013)
- Shariar v. Smith & Wollensky Rest.Grp.Inc. , 659 F.3d 234,244 (2nd Cir.,2011)
- Patterson v. Raymours Furniture Co., ___ F3rd ___ ( 2nd Cir.,September 14,2016)
- In re Master Key Antitrust Litigation, 528 F.2d 5 (2nd Cir., 1975).
- Schlick v. Penn-Dixie Cement Corp., 551 F.2d 531 (2nd Cir.,1977)
- Hallock v. Bonner, 387 F.3rd 147 (2nd Cir.,2004)
- Liberty Synergistics, Inc. v. Microflo Ltd., 718 F.3rd 138 (2nd Cir.,2013).
- U.S. v. Punn, 737 F.3d 1 (2nd Cir., 2013).
- In re Cash Currency Exchange, Inc. , 37 B.R. 617, aff'd 762 F.2d 542 cert den'd 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232 (1986)
- Gillepsie v. U.S. Steel Corp, 379 U.S. 148 , 85 S.Ct.308, 13 L.Ed.2d 199 (1963)
- Eisen v. Carlisle & Jacquelin, 370 F.2d 119 ( 2nd. Cir.,1966)
- U.S. v. Mellon Bank, 545 F.2d 869 (3rd Cir.,1976)
- Firestone Tire & Rubber Co. v Risjord, , 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981)
- Mohawk Industries Inc. v. Carpenter, 558 U.S. 100, 130 S.Ct. 559, 175 L.Ed.2d 458 (2009)
- Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)
- Cunnigham v. Hamilton County, Ohio, 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999)
- Baltimore Contractors v. Bodinger, 348 U.S. 176 , 75 S.Ct. 249, 99 L.Ed 233 (1955)
- In re GM Corp Engine Interchange Litig, 594 F.2d 1106 (7th Cir.,1979)
- Weight Watchers of Philadelphia Inc. v. Weight Watcher Int'l Inc, 455 455 F.2d 770,773 (2nd Cir.,1972).
- In re Painewebber Ltd. P'ships Litig, 147 147 F.3d 132, 138 (2nd Cir.,1988).
- Christensen v. Kiewit-Murdock Inv. Corp.,818 F.2d 206,213 (2nd Cir.,1987)
- Simel v. JP Morgan Chase, 2007 WL 809689 (S.D.N.Y.,2007)
- Wright v. Brae Burn Country Club, Inc, 2009 2009 WL 725012 (S.D.N.Y.,2009)