# Helen F. Dalton & Associates, P.C.

ATTORNEYS AT LAW

69-12 Austin Street, Forest Hills, NY 11375 • Tel.: 718-263-9591 • Fax: 718-263-9598

February 7, 2018

**Via ECF**

Honorable Magistrate Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Alcantara-Flores, et al. v. Vlad Restoration Ltd., et al.
2:16-cv-03847 (MKB)(RML)**

Dear Judge Levy:

We represent the Plaintiffs in the above-captioned action and submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement, attached hereto as Exhibits A, memorializes the agreed upon terms during the parties' Court-annexed mediation and continued discussions regarding settlement.

The parties believe that the Settlement Agreement represents a fair and reasonable resolution of this matter and, as such, we respectfully request the Court approve and So Order the Settlement Agreement.

Plaintiffs, Florencio Alcantara-Flores, Edie Argeto Barrera, Benjamin Jimenez, and Isaias Hernandez ("Plaintiffs") brought the instant action against Vlad Restoration, Ltd. and Vlad Tomczak, as an individual ("Defendants"). Plaintiffs brought this action as a collective action, and two additional Plaintiffs opted into this lawsuit: Cesar Corea Cano and Gabriel Barrera.

Plaintiffs, who worked for Defendants as demolition workers, alleged that they were entitled to unpaid overtime wages when Plaintiffs worked in excess of forty hours a week in accordance with the Fair Labor Standards Acrt ("FLSA") and New York Labor Laws ("NYLL") in addition to statutory penalties for failure to provide notices and wage statements.

Defendants' position is that Plaintiffs were properly paid for all hours worked and Defendants maintained accurate records as to Plaintiffs' time worked and pay received.

Though Plaintiffs claimed over $290,000.00 in damages should they have prevailed on all their claims, Plaintiffs recognized that there would be risks to proceeding through trial, such as the dispute between the hours each Plaintiff worked, the number of days each Plaintiff worked, and the wages received by each employee throughout each year. Plaintiffs also acknowledge the records maintained by the Defendants.

Therefore, after acknowledging these risks, the parties agreed to settle for the aggregate amount of $129,506.00 so as to avoid the inherent risks contained in continuing to trial.

Plaintiffs will recover a total amount of $85,440.00 after attorneys' fees and expenses. Plaintiffs believe that these amounts are fair and reasonable, as they are based on the Plaintiffs' calculations of damages, the amount of time that each Plaintiff worked for Defendants, as well as the records maintained by Defendants.

Plaintiffs' counsel respectfully requests $1,346.00 for identifiable expenses, which includes: the Eastern District of New York filing fee ($400.00), the costs of serving the Defendant through their process server, Anke Judicial Services ($230.00), the costs of the Court-annexed mediation program ($300.00), hiring an interpreter to translate Plaintiffs' collective action notice from English to Polish ($175.00), the cost of filing with the Second Circuit in anticipation of opposing an appeal of Plaintiffs' Motion for Conditional Certification ($221.00) and miscellaneous postage and office expenses associated with mailing collective action notices and other documents.

Plaintiffs' counsel respectfully requests one-third of the settlement amount less their expenses ($128,160.00), or approximately $42,720.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore the total amount to be paid to the attorneys in this matter is $44,066.00.

Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiffs are seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the clients. Since

one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

This Agreement was negotiated between experience counsel and has been carefully tailored to be approved in accordance with the guidelines provided in *Cheeks*. The releases contained within the Agreement are limited to the claims alleged in the Complaint. The parties include non-disparagement language nearly identical to the language recently approved by The Honorable Judge Henry B. Pitman. *See Chowdhury v. Brioni Am., Inc.*, 2017 U.S. Dist. LEXIS 196469, 2017 WL 5953171 (S.D.N.Y. Nov. 29, 2017).

In closing, we respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

        Respectfully submitted,

        /s/Roman Avshalumov
        Roman Avshalumov, Esq.
        *Attorney for Plaintiffs*